IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION

| | |
|---|---|
| JUSTIN HOWARD ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | CASE NO. 6:23-cv-00219-CHB |
| ) | |
| BELL COUNTY FISCAL COURT, ) | **JURY TRIAL DEMANDED** |
| ) | |
| AND ) | |
| ) | |
| ADVANCED CORRECTIONAL ) | |
| HEALTHCARE, INC., ) | |
| ) | |
| AND ) | |
| ) | |
| JANE/JOHN DOE ADVANCED ) | |
| CORRECTIONAL HEALTHCARE, INC. ) | |
| EMPLOYEES ) | |
| ) | |
| AND ) | |
| ) | |
| GARY FERGUSON, Individually and in his ) | |
| capacity as former BELL COUNTY JAILER, ) | |
| ) | |
| AND ) | |
| ) | |
| DEPUTY JOSHUA COLLETT, Individually ) | |
| and in his capacity as BELL COUNTY ) | |
| DEPUTY JAILER ) | |
| ) | |
| AND ) | |
| ) | |
| DEPUTY ROBERT LOZANO, Individually ) | |
| and in his capacity as BELL COUNTY ) | |
| DEPUTY JAILER, ) | |
| ) | |
| AND ) | |
| ) | |
| DEPUTY BRANDI OSBORNE, Individually ) | |
| and in her capacity as BELL COUNTY ) | |
| DEPUTY JAILER, ) | |

|  |  |
|---|---|
| AND | ) |
|  | ) |
| JANE/JOHN DOE EMPLOYEES OF THE | ) |
| BELL COUNTY FISCAL COURT | ) |
|  | ) |
| DEFENDANTS. | ) |

## COMPLAINT

**COMES NOW**, Plaintiff Justin Howard, by the undersigned counsel, and for his Complaint states and alleges as follows based upon personal information or information and belief:

### I.   JURISDICTION AND VENUE

1. This action arises under the Civil Rights Act, 42 U.S.C. § 1983 and ancillary state law.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and under its authority to decide pendent state law claims.

3. Venue is proper because the incidents giving rise to this Complaint occurred in Bell County, Kentucky.

### II.   PARTIES

4. Plaintiff Justin Howard (hereinafter "Plaintiff") was at all times relevant hereto an inmate at Bell County Detention Center (hereinafter "BCDC") in Bell County, Pineville, Kentucky.

5. Upon information and belief, BCDC is a detention center located at 214 West Virginia Avenue, Pineville, Bell County, Kentucky, which holds inmates pending and following disposition of criminal matters in Bell County, Kentucky.

6. Defendant Bell County Fiscal Court, Kentucky (hereinafter "Bell County") is named on the basis that Bell County maintained policies or procedures that resulted in the

deprivation of necessary medical care, including, but not limited to, the provision of medication and examination by a healthcare provider, to inmates at BCDC.

7. Defendant Bell County is not named on the basis of vicarious liability under 42. U.S.C. § 1983.

8. Kentucky Revise Statute § 67.080(2)(d) provides that the fiscal court of Defendant Bell County is charged with providing for the incarceration of prisoners according to the provisions of KRS Chapter 441.

9. Defendant Bell County is charged with prescribing rules for the government, security, safety, and cleanliness of BCDC and the comfort and treatment of prisoner pursuant to Kentucky Revised Statute § 441.045(1).

10. Defendant Advanced Correctional Healthcare, Inc. is a foreign corporation authorized to do business in Kentucky with a principal place of business located at 720 Cool Springs Boulevard, Suite 100, Franklin, Tennessee 37067. Upon information and belief, Advanced Correctional Healthcare, Inc. was a contractor of Bell County and/or the Kentucky Department of Corrections and formerly provided medical care to jails and prisons throughout Kentucky, including BCDC.

11. Defendants John/Jane Doe Advanced Correctional Healthcare, Inc. Employees are yet to be identified current and former employees of Advanced Correctional Healthcare, Inc. who worked, or are still working, at BCDC.

12. Upon information and belief, the Defendant, Gary Ferguson, in his capacity as former Bell County Jailer, was at all times relevant hereto an elected official in Bell County, Kentucky, acting under color of state law, and on behalf of the office that he held.

13. Upon information and belief, Defendant, Gary Ferguson, is a resident of Bell County, Kentucky.

14. Upon information and belief, the Defendant, Joshua Collett, was a Deputy employee at BCDC and at all times relevant hereto was acting under color of state law and acting within the scope of his employment with Bell County.

15. Upon information and belief, Defendant, Joshua Collett, is a resident of Bell County, Kentucky.

16. Upon information and belief, the Defendant, Robert Lozano, was a Deputy employee at BCDC and at all times relevant hereto was acting under color of state law and acting within the scope of his employment with Bell County.

17. Upon information and belief, Defendant, Robert Lozano, is a resident of Bell County, Kentucky.

18. Upon information and belief, the Defendant, Brandi Osborne, was a Deputy employee at BCDC and at all times relevant hereto was acting under color of state law, and acting within the scope of her employment with Bell County.

19. Upon information and belief, Defendant, Brandi Osborne, is a resident of Bell County, Kentucky.

20. Upon information and belief, the Defendants, John/Jane Doe Employees of the Kentucky Department of Corrections were at all times relevant hereto employees of Bell County working at BCDC, acting under color of state law, and acting within the scope of their employment at BCDC.

21. Kentucky Corrections Policy No. 13.2, <u>Health Maintenance Services</u>, (hereinafter "Policy 13.2") provides that "[a]n initial evaluation of the inmate's health shall occur immediately after admission to Corrections." *See*, Policy No. 13.2(C)(1)(a).

22. Policy No. 13.2(C)(1)(b) provides that a "receiving screening form shall be completed by a staff person prior to the inmate's placement in the assessment and classification unit."

23. Further, the "screening shall aid in identifying an inmate with a health problem that requires immediate medical intervention." *See*, Policy No. 13.2(C)(1)(c).

24. Policy No. 13.2(C)(1)(d) requires that a health history be completed within forty-eight (48) hours after admission to the institution.

25. Policy No. 13.2 provides that "[i]f a health problem is present on admission that, if left untreated, may cause deterioration of the inmate's general health or result in permanent disability [. . .] care or services needed to maintain, at a minimum, the present level of health shall be provided within the institution." *See*, Policy No. 13.2(C)(2)(b)(2).

26. Defendants are required to "establish a mechanism for addressing the routine health needs of the inmate population." *See*, Policy No. 13.2(C)(3)(a)(1).

27. Policy No. 13.2(C)(3)(a)(5) provides that "[c]ustody staff shall not have the authority to deny access to these services within the institution."

28. Defendants failed to follow these procedures as Plaintiff did not receive his necessary medications and/or necessary medical treatment, causing his condition to deteriorate and/or result in permanent disability.

29. Plaintiff demands a trial by jury on all causes of action and requests for relief asserted herein.

### III. STATEMENT OF FACT

30. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

31. At all times relevant hereto, Advanced Correctional Healthcare, Inc., through its agents and employees, provided medical care to inmates incarcerated at BCDC.

32. On December 13, 2022, Plaintiff was incarcerated at BCDC.

33. At the time of his incarceration intake, on or about December 13, 2022, Plaintiff was on the prescription drugs Suboxone and Clonazepam.

34. At the time of his intake, Plaintiff told unknown employees at BCDC of his necessary prescriptions. Upon information and belief, at all times relevant hereto, Defendant Advanced Correctional Healthcare, Inc. knew of Plaintiff's need for these prescription medications.

35. Plaintiff was not provided with his necessary prescriptions at any time during his incarceration from on or about December 13, 2022 to on or about December 29, 2022.

36. During the time of his incarceration, Plaintiff became ill from Defendants failing to provide his necessary prescribed medications.

37. During the time of his incarceration, from approximately December 13, 2022, until the Plaintiff was taken the hospital on or about December 29, 2022, Plaintiff submitted approximately ten (10) requests for medical treatment to Defendants.

38. Despite being sick and reporting multiple instances to Defendants, at no point from December 13, 2022 through December 29, 2022 was Plaintiff evaluated by a doctor or other healthcare provider to determine the cause or extent of his illness.

39. During the time of his incarceration, Plaintiff asked Defendant, Deputy Brandi Osborne, to please get him medical attention. Defendant Osborne laughed at him and told him to get his "fat fxxxxt ass in the cell."[1]

40. On or about December 29, 2022, Plaintiff began having seizures while incarcerated at BCDC.

41. On or about December 29, 2022, Defendant, Deputy Robert Lozano, took the Plaintiff's blood pressure and it was extremely high. Defendants then gave Plaintiff a "detox pack."

42. On or about December 29, 2022, Plaintiff was taken by ambulance from BCDC to Pineville Community Health Center.

43. While en route to the hospital, EMS charted that Plaintiff had a third seizure.

44. Upon arrival at Pineville Community Health Center, Plaintiff was defined as being unresponsive.

45. At Pineville Community Health Center, Plaintiff was sedated and intubated so that diagnostic testing could be performed.

46. On the evening of December 29, 2022. Plaintiff was flown by air evac from Pineville Community Health Center to Saint Joseph Hospital in Lexington, Kentucky, to obtain "level of care or service unavailable at this facility."

47. Plaintiff was admitted at Saint Joseph Hospital where he remained until January 4, 2023.

## IV.   CAUSES OF ACTION

## COUNT I – NEGLIGENCE

---

[1] Plaintiff is a homosexual.

48.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

49.     Advanced Correctional Healthcare, Inc., through its John/Jane Doe Employees, owed Plaintiff a duty to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider acting in the same or similar circumstances.

50.     Advanced Correctional Healthcare, Inc., through its John/Jane Doe Employees acting within the scope of their employment, was negligent, careless, and reckless, and deviated from the standard of care in connection with their treatment of Plaintiff by the actions and inactions described herein, including but not limited to:

   i. Failing to properly evaluate, diagnose, treat, and medically manage Plaintiff's medical condition at BCDC;
   ii. Failing to assess the medical needs of Plaintiff upon admission to BCDC;
   iii. Failing to provide him with his necessary medication;
   iv. Despite becoming progressively worse and reporting multiple instances of illness from December 13, 2022 through December 29, 2022, failing to have Plaintiff evaluated by a doctor or other health care provider; and,
   v. Despite becoming progressively worse and reporting multiple instances of illness from December 13, 2022 through December 29, 2022, failing to take Plaintiff to a hospital to be evaluated.

51.     Advanced Correctional Healthcare, Inc., through its John/Jane Doe Employees, knew or should have known that deviating from the appropriate standard of care, as described herein, could result in serious injury or death to their patients, including Plaintiff.

52.     Advanced Correctional Healthcare, Inc.'s failure to follow the accepted standard of care, through its John/Jane Doe Employees, deprived Plaintiff of a chance of recovery and increased his risk of harm, which was a substantial factor in bringing about his pain, suffering, and permanent injuries.

53. As a direct and proximate result of the negligence, gross negligence, carelessness, and recklessness of Advanced Correctional Healthcare, Inc., through its John/Jane Doe Employees as described herein, Plaintiff suffered serious and permanent injuries.

54. Had Advanced Correctional Healthcare, Inc., through its John/Jane Doe Employees, adhered to the applicable standards of care, Plaintiff would not have required emergency hospitalization.

55. As a direct and proximate result of the negligent, careless, and reckless conduct of Advanced Correctional Healthcare, Inc., Plaintiff suffered serious and permanent physical and emotional injuries, including, but not limited to: past and future medical expenses, and other economic and noneconomic damages; pain and suffering, both in the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future and will seek compensation for these injuries and damages.

56. Advanced Correctional Healthcare, Inc. is vicariously liable for the actions and omissions of its John/Jane Doe Employees committed within the scope of their employment.

## COUNT II – GROSS NEGLIGENCE

57. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

58. Advanced Correctional Healthcare, Inc., through its John/Jane Doe Employees, owed Plaintiff a duty to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider acting in the same or similar circumstances.

59. Advanced Correctional Healthcare, Inc., through its John/Jane Doe Employees acting within the scope of their employment, were grossly negligent, careless, and reckless, and

deviated from the standard of care in connection with their treatment of Plaintiff by the actions and inactions described herein, including but not limited to:

    i. Failing to properly evaluate, diagnose, treat, and medically manage Plaintiff's medical condition at BCDC;

    ii. Failing to assess the medical needs of Plaintiff upon admission to BCDC;

    iii. Failing to provide him with his necessary medication.

    iv. Despite becoming progressively worse and reporting multiple instances of illness from December 13, 2022 through December 29, 2022, failing to have Plaintiff evaluated by a doctor or other healthcare provider; and,

    v. Despite becoming progressively worse and reporting multiple instances of illness from December 13, 2022 through December 29, 2022, failing to take Plaintiff to a hospital to be evaluated.

60. In breaching their duties of care, Advanced Correctional Healthcare, Inc., through its John/Jane Doe Employees, displayed a conscious indifference to probable dangerous consequences of their negligent actions.

61. In breaching their duties of care, Advanced Correctional Healthcare, Inc., through its John/Jane Doe Employees, displayed a reckless disregard for the safety of Plaintiff.

62. Advanced Correctional Healthcare, Inc., through its John/Jane Doe Employees, knew or should have known that deviating from the appropriate standard of care, as described hereinabove, could result in serious injury or death to their patients, including Plaintiff.

63. Advanced Correctional Healthcare, Inc.'s failure to follow the accepted standard of care, through its John/Jane Doe Employees, deprived Plaintiff of a chance of recovery and increased his risk of harm, which was a substantial factor in bringing about his pain, suffering, and permanent injuries.

64. As a direct and proximate result of the negligence, gross negligence, carelessness, and recklessness of Advanced Correctional Healthcare, Inc., through its John/Jane Doe Employees, as described herein, Plaintiff suffered serious and permanent injuries.

65. Had Advanced Correctional Healthcare, Inc., through its John/Jane Doe Employees, adhered to the applicable standards of care, Plaintiff would not have required emergency hospitalization.

66. As a direct and proximate result of the grossly negligent and reckless conduct of Advanced Correctional Healthcare, Inc., Plaintiff suffered serious and permanent emotional and physical injuries, including, but not limited to: past and future medical expenses, and other economic and noneconomic damages; pain and suffering, both in the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future and will seek compensation for these injuries and damages.

67. The actions of Advanced Correctional Healthcare, Inc. were reprehensible, willful and wanton, malicious, and in blatant disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages.

68. Advanced Correctional Healthcare, Inc. is vicariously liable for the actions and omissions of its John/Jane Doe Employees committed within the scope of their employment.

**COUNT III – CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. § 1983**

69. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

70. Plaintiffs' status at the time he was incarcerated is unclear as he was incarcerated for a misdemeanor probation violation. Therefore, Plaintiff is pleading his claims in the alternative.

71. Defendants while acting under color of law and within the scope of their employment violated the Eighth Amendment right of Plaintiff to be free from cruel and unusual punishment.

72. Alternatively, Defendants, while acting under color of law and within the scope of their employment, violated the Fourteenth Amendment right of pretrial detainees to be free of punishment without due process.

73. By their actions as described herein, Defendants violated the constitutional rights guaranteed to Plaintiff under the Eighth Amendment to the United States Constitution by acting with deliberate indifference to his serious medical needs.

74. Defendants were deliberately indifferent to, and willfully ignored, the serious medical needs of Plaintiff, as described herein, by knowingly failing to promptly and reasonably evaluate, diagnose, and treat his illness.

75. Defendants were deliberately indifferent to, and willfully ignored, the serious medical needs of Plaintiff, as described herein, by failing to establish, monitor, and/or enforce policy directives and operational procedures to ensure that inmates at BCDC receive prompt and reasonable treatment for their medical needs.

76. Defendant supervisors likewise exhibited supervisory indifference or tacit authorization of the misconduct of subordinates and the constitutional injuries committed by said subordinates.

77. Defendant supervisors had actual or constructive knowledge that their subordinates were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury and he Defendant supervisors' response to said knowledge was so inadequate as to show deliberate indifference or tacit authorization of these constitutional injuries.

78. Advanced Corrections Healthcare, Inc. deprived Plaintiff of his Eighth Amendment rights by and through its official policies or customs including, but not limited to, failing to provide inmates with their necessary medications and failing to respond to the requests of inmates for medical care.

79. Bell County deprived Plaintiff of his Eighth Amendment rights by and through its official policies or customs including, but not limited to, failing to provide inmates with their necessary medications and failing to respond to the requests of inmates for medical care.

80. Defendants were both objectively and subjectively aware of the risk of serious harm posed by ignoring or otherwise failing to properly evaluate, diagnose, and treat Plaintiff's illness.

81. The actions of Defendants, described herein, were not taken in good-faith, were objectively unreasonable, and were in violation of clearly established law.

82. During the time period at issue, it was clearly established that failing to promptly provide necessary and reasonable medical treatment to incarcerated individuals, like Plaintiff, as described hereinabove, violated the Eighth Amendment to the United States Constitution.

83. The actions of Defendants, described hereinabove, deliberately injured Plaintiffs in a way unjustified by any governmental interest.

84. The actions of Defendants, described hereinabove, shock the conscious.

85. The actions of Defendants, described herein, were unlawful and unjustified.

86. Alternatively, Defendants violated the constitutional rights guaranteed to Plaintiff under the Fourteenth Amendment to the United States Constitution by depriving him of medical care, constituting punishment without due process.

87. Defendants imposed and/or permitted these conditions despite said conditions not being reasonably related to any legitimate non-punitive governmental or penological objective.

88. Defendants were deliberately indifferent to the health and safety of Plaintiff, as described herein, by having actual knowledge of his medical conditions and deliberately taking no action to treat them in a timely or appropriate manner.

89. Defendant supervisors likewise exhibited supervisory indifference or tacit authorization of the misconduct of subordinates and the constitutional injuries committed by said subordinates.

90. Defendant supervisors had actual or constructive knowledge that their subordinates were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury and the Defendant supervisors' response to said knowledge was so inadequate as to show deliberate indifference or tacit authorization of these constitutional injuries.

91. Advanced Correctional Healthcare, Inc. deprived Plaintiff of his Fourteenth Amendment rights by and through its official policies or customs, including, but not limited to, failing to provide inmates with their necessary medications and failing to respond to the requests of inmates for medical care.

92. Bell County deprived Plaintiff of his Fourteenth Amendment rights by and through its official policies or customs, including, but not limited to, failing to provide inmates

with their necessary medications and failing to respond to the requests of inmates for medical care.

93. The actions of Defendants, described hereinabove, were not taken in good-faith, were objectively unreasonable, and were in violation of clearly established law.

94. During the time period at issue, it was clearly established that the serious deprivations of medical care at BCDC, as described herein, violated the Fourteenth Amendment to the United States Constitution.

95. The actions of Defendants, described herein, deliberately injured Plaintiff in a way unjustified by any governmental interest.

96. As a direct and proximate result of the unjustified and unconstitutional conduct of Defendants , Plaintiff suffered a deprivation of his constitutional rights and severe and permanent physical and emotional injuries, and will seek compensation for: past and future medical expenses, and other economic and noneconomic damages; pain and suffering, both in the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

97. In addition to these compensatory damages, Plaintiff will also seek to recover, under 42 U.S.C. § 1988, attorneys' fees and costs incurred during the course of this litigation.

98. The actions of Defendants were reprehensible, willful and wanton, malicious, and in blatant disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages.

### COUNT IV – CONSPIRACY TO COMMITT CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. § 1983

99. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

100. Defendants, while acting under color of law and within the scope of their employment, acted jointly and in concert to deprive Plaintiff of his Eighth Amendment right to be free of cruel and unusual punishment.

101. Alternatively, Defendants, while acting under color of law and within the scope of their employment, acted jointly and in concert to deprive Plaintiff of his Fourteenth Amendment right of pretrial detainees to be free of punishment without due process.

102. Defendants committed overt acts to accomplish the constitutional deprivations and injuries described herein.

103. Defendants agreed to disregard and ignore Plaintiff's requests for his medication and for medical care.

104. Defendants did disregard and ignore Plaintiff's requests for his medication and for medical care.

105. The actions of Defendants, described herein, violated the constitutional rights guaranteed to Plaintiff under the Eighth Amendment or the Fourteenth Amendment to the United States Constitution by acting with deliberate indifference to Plaintiff's serious medical needs.

106. As a direct and proximate result of the unjustified and unconstitutional conduct of Defendants , Plaintiff suffered a deprivation of his constitutional rights and severe and permanent physical and emotional injuries, and will seek compensation for: past and future medical expenses, and other economic and noneconomic damages; pain and suffering, both in the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

107. In addition to these compensatory damages, Plaintiff will also seek to recover, under 42 U.S.C. § 1988, attorneys' fees and costs incurred during the course of this litigation.

108. The actions of Defendants were reprehensible, willful and wanton, malicious, and in blatant disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages; punitive damages; attorney's fees and costs incurred during the course of this litigation, pursuant to 42 U.S.C. § 1988; any and all relief Plaintiff may be entitled to in law or equity; and, any further relief this Honorable Court deems just and proper; and, pre and post judgment interest.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

LAW OFFICE OF JEREMY A. BARTLEY

/s/ Jeremy A. Bartley
Jeremy A Bartley

Attorney for Plaintiff:

35 Public Square
Somerset, KY 42501
(606) 678-7265
(606) 416-5974 (facsimile)
Email: jbartleylaw@gmail.com