IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON
Case Number: 6:23-cv-00219-CHB

**JUSTIN HOWARD**                                                                   **PLAINTIFFS**

**v.**

**BELL COUNTY FISCAL COURT,**
**GARY FERGUSON, Individually and**
**in his official capacity as former**
**BELL COUNTY JAILER,**
**DEBUTY JOSHUA COLLETT,**
**Individually and in his capacity**
**as BELL COUNTY DEPUTY JAILER,**
**DEPUTY ROBERT LOZANO,**
**Individually and his capacity as**
**BELL COUNTY DEPUTY JAILER, and**
**DEPUTY BRANDI OSBOURNE,**
**Individually and in her capacity as**
**BELL COUNTY DEPUTY JAILER,**                          **DEFENDANTS**

_____

**ANSWER**
_____

      Comes the Defendants, Bell County Fiscal Court, Gary Ferguson, individually and in his capacity as former Bell County Jailer, Deputy Joshua Collett, individually, and in his capacity as Bell County Deputy Jailer, Robert Lozano, individually and in his capacity as Bell County Deputy Jailer, and Brandi Osbourne, Individually, and in her capacity as Bell County Deputy Jailer, and for their Answer to the Complaint and state as follows:

1

## FIRST DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which relief may be granted and should be dismissed. The Complaint fails to state a claim for negligence, gross negligence, respondeat superior, punitive damages, Constitutional violations under 42 USC § 1983, vicarious liability, conspiracy to commit Constitutional violation under 42 U.S.C. § 1983 and / or other federal, state or common law theory and should therefore be dismissed.

## SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim for punitive damages under Kentucky Common Law, pursuant to KRS 411.182, 184, 186, or under federal law and should therefore be dismissed.  Defendant pleads lack of bad faith, lack of deliberate indifference and lack of reckless disregard and lack of any other culpable state of mind necessary for the imposition of punitive damages as a bar in whole or in part, to any punitive damages asserted.  In addition, the Plaintiffs' claims for punitive damages against the Defendants cannot be sustained because:

(1) an award of punitive damages under Kentucky law without proof of every element beyond a reasonable doubt;

(2) an award of punitive damages under Kentucky law without bifurcating the trial of all punitive damage issues;

(3) any award of punitive damages under Kentucky law subject to no predetermined limits such as a maximum multiple of compensation

      damages or a maximum amount on the award of punitive damages, that a jury could impose;

(4) an award of punitive damages under Kentucky law without the same protections that are afforded to all criminal defendants, including protections against unreasonable searches and seizures, double jeopardy and self-incrimination and the right to confront adverse witnesses, a speedy trial and the effective assistance of counsel;

(5) would violate the Defendant's rights and rights to due process under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment and by Sections 2, 10, 11, 13, and 14 of the Kentucky Constitution.

## **THIRD DEFENSE**

Any claim for punitive damages against Defendants cannot be sustained because an award of punitive damages under Kentucky law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size of a punitive damages award, and/or (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state required and is not provided a standard of sufficient clarity for determining the appropriateness, or the

appropriate size of a punitive damages award, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by Sections 2, 3, 13, and 17 of the Kentucky Constitution.

### **FOURTH DEFENSE**

Any award of punitive damages based on anything other than Defendants' alleged conduct regarding the subject of this lawsuit would violate the Due Process Clause of the Fifth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment by Sections 2 and 13 of the Kentucky Constitution because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong.

### **FIFTH DEFENSE**

The Complaint fails to state a claim for punitive damages under common law, federal law and/or KRS 411.184 or 411.186 and should therefore be dismissed. The Defendants assert lack of malice, lack of deliberate indifference, lack of reckless disregard or any other state of culpability that would allow for the imposition of punitive damages.

## SIXTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted under the U.S. or Kentucky Constitution, Federal or Kentucky Common Law, KRS Chapter 441, KRS Chapter 67, and/or KRS Chapter 447.070, The Kentucky Civil Rights Act, 501 KAR et. seq., 3:090, 501 KAR 3:060, and/or the Kentucky Administrative Regulations, and should therefore be dismissed.

## SEVENTH DEFENSE

The Complaint is barred by the doctrines of sovereign immunity, governmental immunity, qualified immunity, qualified official immunity, discretionary function immunity, official capacity immunity, individual capacity immunity, and any other type of immunity afforded to governmental entities or government employees exercising good faith judgments, and lack of custom, practice, or endorsement.

## EIGHTH DEFENSE

Plaintiffs' Complaint may be barred by the applicable statute of limitations.

## NINTH DEFENSE

As an affirmative defense, Defendants plead waiver, estoppel, and failure to exhaust administrative remedies, failure to mitigate damages, good faith, discretionary function immunity, ack of deliberate indifference, insufficient process, and insufficient service of process.

## TENTH DEFENSE

Plaintiffs' Complaint against Defendants is barred by the Doctrines of Absolute and/or Qualified Immunity and/or absolute or qualified privilege, legal authority, privilege, self-defense, and defense of others.

## ELEVENTH DEFENSE

Plaintiffs' Complaint against Defendants is barred by the Doctrine of Sovereign Immunity.

## TWELFTH DEFENSE

Plaintiffs' Complaint is barred by Plaintiffs' failure to exhaust administrative remedies, under 42 U.S.C. §1997e, and/or K.R.S. 454.415.

## THIRTEENTH DEFENSE

The Complaint is barred by the Plaintiffs' failure to exhaust administrative remedies under Kentucky Law or Federal Law and/or the Prisoner's Litigation Reform Act (PLRA).

## FOURTEENTH DEFENSE

Plaintiffs' Complaint is barred because of Plaintiffs' failure to mitigate damages and/or to join necessary parties.

## FIFTEENTH DEFENSE

These Defendants cannot be held vicariously liable for the acts of subordinates or "unknown" persons.

**SIXTEENTH DEFENSE**

The Complaint is barred by the Plaintiffs' own negligence or intentional acts or the negligence or intentional acts of some third person or persons but is in no way related to the acts or inactions of these defendants. Said comparative or contributory negligence/ acts are a bar to this claim.

**SEVENTEENTH DEFENSE**

The Complaint is barred by superseding or intervening causes including but not limited to Plaintiff's own actions or inactions, or the actions or inactions of person(s) other than Defendants.

**EIGHTEENTH DEFENSE**

The Complaint is barred by Plaintiffs' failure to join all necessary parties.

**NINETEENTH DEFENSE**

The Complaint fails to state a claim for negligence, gross negligence, punitive damages, wrongful death, outrage, vicarious liability, or respondeat superior liability, for loss of parental consortium, and should therefore be dismissed.

**TWENTIETH DEFENSE**

With regard to the allegations contained in ¶ 3, 4, 6, 7, 10, 11, 14, 15, 16, 17, 18, 19, 20, 29, 31, 33, 34, 35, 36, 38, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 70, 78, and 91, these Defendants are without knowledge to form a belief as to the truth or falsity of the allegations contained therein therefore deny same.

With regard to the allegations contained in ¶ 5, these Defendants admit the allegations contained herein.

With regard to the allegations contained in ¶ 8, the Defendants admit so much of the ¶ that states that Kentucky Revised Statute 67.080(2)(d), provides that the Fiscal Court is charged with certain responsibility regarding the incarceration of prisoners, but denies any allegations of liability or damages.

With regard to the allegations contained in ¶ 9, these Defendants admits so much of the ¶ that states that Bell County is charged with prescribing rules for government, security, safety, and cleanliness of the Detention Center, but deny any allegations of liability or damages.

With regard to the allegations contained in ¶ 12, of the Complaint, these Defendants admit so much of the ¶ that states that Defendant Gary Ferguson is the former Bell County Jailer and was elected to serve in that role in Bell County, Kentucky. The Defendants are without knowledge to form a belief as to the remainder of the allegations contained in ¶ 12, and therefore deny same.

With regard to the allegations contained in ¶ 13 of the Complaint the Defendants admits same.

With regard to the allegations contained in ¶ 21, 22, 23, 24, 25, 26, and 27, these Defendants admit so much of the ¶ that reference Kentucky Department of Corrections policy document provisions. However, affirmatively state that these polices, and provisions do not apply to county jails. The Defendants are without knowledge to form a belief as to the remainder of the allegations contained in ¶ 21 through 27, and therefore deny same.

With regard to the allegations contained in ¶ 28, 39, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 92, 93, 94, 95, 96, 97, 98, 100, 101, 102, 103, 104, 105, 106, and 107, 108, these Defendants deny all allegations contained therein.

With regard to the allegations contained in ¶ 30, 48, 57, 69, and 99, these Defendants hereby incorporate by reference the proceeding paragraphs, responses, answers, and affirmative defenses as fully set forth herein in response to the above and below.

With regard to the allegations contained in ¶ 37, these Defendants admit so much of the ¶ that states the Plaintiff was taken to the hospital. These defendants are without knowledge to form a belief as to the truth or falsity of the remainder of the allegations contained in ¶ 37, and therefore deny same.

The Defendants deny all allegations in the Complaint of liability and/or damages and those above not specifically admitted herein, including the allegations contained in the Prayer for Relief.

## **PRAYER FOR RELIEF**

WHEREFORE, these Defendants pray:

1. That the Complaint be dismissed

2. For their costs herein expended

3. Reasonable attorney's fees be awarded.

4. For a trial by jury

5. For all other relief to which they appear and entitled.

9

Respectfully Submitted,

/s/ Jason E. Williams
Jason E. Williams, Esq.
Williams & Towe Law Group, PLLC
303 South Main Street
London, Kentucky 40741
jason@wftlaw.com
brandy@wftlaw.com
Counsel for Defendants, Whitley County, Kentucky, Brian Lawson, Nick Huddleston, Joseph Cureton, Andrew Caldwell, and Zach Hughes all in their individual, and in their official capacity as officers of the Whitly County Detention Center

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Jeremy A. Bartley
35 Public Square
Somerset, Kentucky 42501
jbartleylaw@gmail.com

/s/Jason E. Williams
Jason E. Williams
Counsel for Defendants, Bell County, Gary Fergusion, Josh Collett, Brandi Osbourne, and Robert Lozano