# STATE OF WEST VIRGINIA
## OFFICE OF LAWYER DISCIPLINARY COUNSEL
### CITY CENTER EAST
### SUITE 1200
### 4700 MacCORKLE AVENUE, SE
### CHARLESTON, WEST VIRGINIA 25304

Office: (304) 558-7999
Fax: (304) 558-4015
Website: www.wvodc.org

**Chief Lawyer Disciplinary Counsel**
Rachael L. Fletcher Cipoletti
**Senior Lawyer Disciplinary Counsel**
Andrea J. Hinerman

**Lawyer Disciplinary Counsel**
Renée N. Frymyer
Kristin P. Halkias

June 23, 2022

Stephen Paul New, Esquire
PO Box 5516
Beckley, WV 25801

    Re:   *Complaint of Sue N. Porter*
           *I.D. No. 21-06-015*

Dear Mr. New:

    Enclosed please find a copy of the Investigative Panel Findings and Conclusions with respect to the above-referenced complaint filed against you. This matter has been investigated by this office and was reviewed by the Investigative Panel of the Lawyer Disciplinary Board at its June 11, 2022 meeting.

    The Investigative Panel found that probable cause does exist, but that formal discipline is not appropriate under the circumstances. The Panel voted to admonish you as a result of this complaint.

    Under the Rules of Lawyer Disciplinary Procedure, you have fourteen days after receiving a copy of this closing in which to file any objections. Upon the filing of an objection, a Statement of Charges will be issued and this matter will be set for a hearing before the Hearing Panel of the Lawyer Disciplinary Board.

                                                Sincerely,

                                               Rachael L. Fletcher Cipoletti
                                               Chief Lawyer Disciplinary Counsel

RLFC/bc

Enclosure
cc:    Sue N. Porter (w/enc.)

## LAWYER DISCIPLINARY BOARD
## INVESTIGATIVE PANEL CLOSING

**I.D. No.:** 21-06-015　　　　　　　　　　**Date Complaint Received:** January 11, 2021

**COMPLAINANT:**　　Sue N. Porter
　　　　　　　　　　　75 Sedgewood Manor
　　　　　　　　　　　Bluefield, Virginia 24605

**RESPONDENT:**　　Stephen Paul New, Esquire　　　　　**Bar No.:** 7756
　　　　　　　　　　　PO Box 5516
　　　　　　　　　　　Beckley, West Virginia 25801

**THE INVESTIGATION OF THIS MATTER** having been completed and a report having been made to the Investigative Panel of the Lawyer Disciplinary Board, the Panel orders that Respondent be admonished for his conduct and that this complaint be closed for the following reasons:

### STATEMENT OF FACTS

Complainant Sue N. Porter filed this complaint against Respondent Stephen Paul New, a licensed member of the West Virginia State Bar.

Complainant stated she retained Respondent regarding her late mother's estate on or about February 11, 2019. Complainant stated Respondent advised her the matter would cost between $500.00 and $1,500.00. Complainant asserted that there was no written fee agreement to memorialize the fee discussed in the initial meeting.

Complainant stated Respondent filed "Motion for Injunctive Relief." On or about September 9, 2020, a status hearing was held. Complainant stated Respondent's associate, Mr. Queen, appeared at this hearing and advised the court that an attorney's

A0093004 ~ rlfc

lien had been filed in the case. Complainant advised the court and Mr. Queen that she had never received an invoice in the matter and was not aware of the lien filed. The court requested that the clerk provide complainant with a copy of Respondent's filings in the case. However, Complainant stated, the lien was filed with the court under seal and she did not receive a copy with the other pleadings filed. At another hearing, on or about December 10, 2020, Complainant again advised she had not received Respondent's invoice. At that time, Mr. Queen produced an invoice to Complainant. Complainant stated the lien was for $9,525.88, far exceeding the quoted fee from Respondent. Complainant stated she then advised the court that she had never signed a retainer agreement and was unaware of the "exorbitant fees" charged by Respondent.

Mr. Queen advised Complainant that the invoices had been previously mailed to her. However, Complainant asserted she never received the same. Complainant said it was then discovered that the documents had been mailed to an address of which she never lived.

Complainant further stated she noted "many discrepancies" in the itemized invoice. Complainant stated Respondent billed three to four hours for each hearing, but Complainant asserted that no hearing lasted more than one hour. Complainant further noted that the invoice indicated that their initial meeting took place on or about April 5, 2019. Complainant noted that their initial meeting was months before, in February.

Complainant further stated Respondent did not pursue the return of cash stolen from her mother's home following her death. Complainant stated she filed a police report regarding the matter and Respondent advised that the alleged perpetrator in the theft was a friend. Complainant believed that this relationship kept her from recouping these funds.

2

A0093004 ~ rlfc

Complainant further asserted that Respondent's communication with her as inadequate. She stated that she was not advised of hearings and messages were not returned by Respondent's staff. Complainant terminated Respondent's services on or about August 12, 2020. Complainant finally stated that Respondent's representation of her caused her to settle her case at a disadvantage.

Respondent filed a timely response and stated that he explained his fee structure to Complainant verbally "on multiple occasions." Respondent stated he explained he could not represent her on a contingency basis and that he would be required to bill her by his hourly rate. Respondent further stated that Complainant pay a retainer fee for him to bill against in the case. However, Respondent said that after that request, Complainant stated that her expectation was that they would "settle up at the end." Respondent further stated that Complainant further memorialized this in an email wherein she directed Respondent to "do what [Respondent] can to get enough money to pay for [Respondent's] expenses in this case."

Respondent maintained that he "clearly and unequivocally" communicated to Complainant the fee structure, but admitted that he made a mistake in not having a written fee agreement. However, Respondent argued that while a written agreement was preferable, that the same was not mandated by Rule 1.5(b) of the Rules of Professional Conduct. He further argued that pursuant to case law, specifically Truckett v. Laurita, 223 W.Va. 357, 674 S.E.2d 218 (2009), he was permitted to file a lien in the case, and that the court held that the basis of lien is a contract, whether "oral or written."

With regard to the allegation that Respondent's office did not mail documents to Complainant's correct address, he stated that Complainant did not keep his office updated

3

of her address, and that the same had changed on occasion. Respondent further stated that with regard to the alleged stolen cash from Complainant's mother's home, he was unable to effectively establish that the funds either existed or were stolen and without such evidence, he was unable to purse the same.

In reference to the discrepancies in the billing record, Respondent intimated that the multiple hour billings for hearings included travel from his office in Beckley, West Virginia, to Welch, West Virginia. Respondent further denied that he and his staff failed to adequately communicate with Complainant.

Complainant filed additional correspondence and reiterated her original complaints. She further stated that Respondent failed to forward communications from the opposing counsel regarding property taxes on her mother's real property, causing the same to be sold at auction.

Respondent subsequently forwarded an order entered in the Circuit Court of McDowell County awarding his office an attorney's lien against Complainant in the amount of $6,930.86.

## REASON CLOSED

Rule 1.5(b) of the Rules of Professional Conduct states:

The scope of the representation and the basis of rate of the fee and expenses for which the client will be responsible **shall be communicated to the client in writing** before or within a reasonable time after the commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate. Any changes in the basis or rate of the fee or expenses shall also be communicated to the client in writing. [emphasis added]

A0093004 ~ rlfc

Respondent's assertion that reducing his fee to writing is not mandated pursuant to Rule 1.5(b) is inaccurate and he is hereby admonished for his violation of the same. Respondent is directed to change his practice to comply with the Rules.

With regard to the remaining allegations, evidence must be clear and convincing to establish a violation of the Rules of Professional Conduct. The evidence regarding the remaining allegations is insufficient to establish a violation. Complainant is clearly dissatisfied with Respondent's representation. However, that dissatisfaction alone does not equate an ethical violation. Accordingly, this matter is closed.

* * *

Pursuant to Rule 2.9(c) of the Rules of Lawyer Disciplinary Procedure, Respondent has fourteen days after receipt of this closing to object to the issuance of the admonishment. This written admonishment shall be available to the public, but shall not be reported to any other jurisdiction in which the respondent is licensed to practice law. Upon the filing of a timely objection, the Investigative Panel shall file a formal charge with the Clerk of the Supreme Court of Appeals.

**ADMONISHMENT ISSUED** and **CLOSING ORDERED** on the 11th day of June, 2022, and **ENTERED** this 15th day of June, 2022.

*Amy C. Crossan*, **Chairperson**
Investigative Panel
Lawyer Disciplinary Board

5

A0093004 ~ rlfc