IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION

| | |
|---|---|
| JUSTIN HOWARD, ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| V. ) | CASE NO. 6:23-cv-00219-CHB |
| ) | |
| BELL COUNTY FISCAL COURT, ) | |
| ) | |
| ADVANCED CORRECTIONAL ) | |
| HEALTHCARE, INC. ) | |
| ) | |
| JANE/JOHN DOE ADVANCED ) | |
| CORRECTIONAL HEALTHCARE, INC. ) | |
| EMPLOYEES ) | |
| ) | |
| GARY FERGUSON, Individually and in ) | |
| his capacity as former BELL COUNTY ) | |
| JAILER ) | |
| ) | |
| DEPUTY JOSHUA COLLETT, Individually ) | |
| and in his capacity as BELL COUNTY ) | |
| DEPUTY JAILER ) | |
| ) | |
| DEPUTY ROBERT LOZANO, Individually ) | |
| And in his capacity as BELL COUNTY ) | |
| DEPUTY JAILER ) | |
| ) | |
| DEPUTY BRANDI OSBORNE, Individually ) | |
| And in her capacity as BELL COUNTY ) | |
| DEPUTY JAILER ) | |
| ) | |
| JANE/JOHN DOE EMPLOYEES OF THE ) | |
| BELL COUNTY FISCAL COURT, ) | |
| ) | |
| DEFENDANTS ) | |

**ANSWER OF DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE, INC.**

Comes the Defendant, Advanced Correctional Healthcare, Inc., (hereinafter "ACH") and for its Answer to Plaintiff's Complaint states as follows:

1. The Complaint fails to state a claim against ACH upon which relief may be granted and should therefore be dismissed with prejudice.

2. Each and every allegation of the Complaint not hereafter specifically admitted to be true, is denied.

3. Paragraphs 1, 2, and 3 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is necessary, this Defendant denies the allegations in said paragraphs.

4. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint and, therefore, denies same.

5. This Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraphs 6 and 7 of Plaintiff's Complaint, and therefore, denies same.

7. The allegations contained in Paragraphs 8 and 9 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations contained in said Paragraphs are denied.

8. This Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

9. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraphs 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 of Plaintiff's Complaint, and therefore, denies same.

10. Relative to the allegations contained in Paragraphs 21, 22, 23, 24, 25, 26, and 27 of Plaintiff's Complaint, these Defendants state the Kentucky Department of Corrections Policies speak for themselves. However, to the extent a response is required, these Defendants state these policies, and the policy provisions cited at the above-referenced paragraphs, do not apply to county jails and this Defendant is without sufficient knowledge to admit or deny these paragraphs, and therefore deny same.

11. This Defendant denies the allegations contained in Paragraphs 28 and 29 of Plaintiff's Complaint.

12. This Defendant incorporates by reference all responses to preceding Paragraphs as referenced in Paragraph 30 of Plaintiff's Complaint.

13. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraphs 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, and 47 of Plaintiff's Complaint, and therefore, denies same.

14. This Defendant incorporates by reference all responses to preceding Paragraphs as referenced in Paragraph 48 of Plaintiff's Complaint.

15. The allegations contained in Paragraph 49 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations contained in said Paragraph are denied.

16. This Defendant denies the allegations contained in Paragraphs 50, 51, 52, 53, 54, 55, and 56 of Plaintiff's Complaint.

17. This Defendant incorporates by reference all responses to preceding Paragraphs as referenced in Paragraph 57 of Plaintiff's Complaint.

18. The allegations contained in Paragraph 58 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations contained in said Paragraph are denied.

19. This Defendant denies the allegations contained in Paragraphs 59, 60, 61, 62, 63, 64, 65, 66, 67 and 68 of Plaintiff's Complaint.

20. This Defendant incorporates by reference all responses to preceding Paragraphs as referenced in Paragraph 69 of Plaintiff's Complaint.

21. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 70 of Plaintiff's Complaint, and, therefore, denies same.

22. This Defendant denies the allegations contained in Paragraphs 71, 72, 73, 74, 75, 76, and 77 insofar as the allegations contained therein are asserted against this Defendant. This Defendant is without sufficient knowledge to admit or deny the allegations contained in said paragraphs insofar as they are levied against other Defendants, and, therefore, deny same.

23. This Defendant denies the allegations contained in Paragraph 78 of Plaintiff's Complaint.

24. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 79 of Plaintiff's Complaint, and, therefore, denies same.

25. This Defendant denies the allegations contained in Paragraphs 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, and 90 insofar as the allegations contained therein are asserted against this Defendant. This Defendant is without sufficient knowledge to

admit or deny the allegations contained in said paragraphs insofar as they are levied against other Defendants, and, therefore, deny same.

26. This Defendant denies the allegations contained in Paragraph 91 of Plaintiff's Complaint.

27. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 92 of Plaintiff's Complaint, and, therefore, denies same.

28. This Defendant denies the allegations contained in Paragraphs 93, 94, 95, and 96 insofar as the allegations contained therein are asserted against this Defendant. This Defendant is without sufficient knowledge to admit or deny the allegations contained in said paragraphs insofar as they are levied against other Defendants, and, therefore, deny same.

29. This Defendant denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

30. This Defendant denies the allegations contained in Paragraph 98 insofar as the allegations contained therein are asserted against this Defendant. This Defendant is without sufficient knowledge to admit or deny the allegations contained in said paragraph insofar as they are levied against other Defendants, and, therefore, deny same.

31. This Defendant incorporates by reference all responses to preceding Paragraphs as referenced in Paragraph 99 of Plaintiff's Complaint.

32. This Defendant denies the allegations contained in Paragraphs 100, 101, 102, 103, 104, 105 and 106 insofar as the allegations contained therein are asserted

against this Defendant.  This Defendant is without sufficient knowledge to admit or deny the allegations contained in said paragraphs insofar as they are levied against other Defendants, and, therefore, deny same.

33. This Defendant denies the allegations contained in Paragraph 107 of Plaintiff's Complaint.

34. This Defendant denies the allegations contained in Paragraph 108 insofar as the allegations contained therein are asserted against this Defendant.  This Defendant is without sufficient knowledge to admit or deny the allegations contained in said paragraph insofar as they are levied against other Defendants, and, therefore, deny same.

35. ACH affirmatively pleads as follows:

    a. Failure to exhaust any and all available administrative or grievance procedures or remedies;

    b. Waiver, collateral estoppel, res judicata, estoppel, failure to exhaust administrative remedies, failure to mitigate damages, and assumption of risk;

    c. The provisions of 42 U.S.C. § 1997e, and KRS 454.415, to the extent Plaintiff failed to exhaust available administrative remedies, and/or fails to allege actual injury in this action;

    d. That at all times relevant hereto, ACH acted toward Plaintiff's decedent in good faith and without malice, and otherwise promptly and appropriately rendered care to, and evaluation for, Plaintiff when requested, and met the standard of care expected of medical personnel under these circumstances;

  e. To the extent Plaintiff sustained injury, then same was caused or brought about by Plaintiff sole or deliberate or superseding or intervening fault or negligence or actions or omissions, or the actions or omissions of persons or entities other than ACH, which serves as a bar to relief;

  f. The sole and/or intervening and/or superseding and/or comparative fault or negligence or actions or omissions of third persons or entities other than ACH, which serves as a bar to relief;

  g. That Plaintiff's claim for punitive damages is barred by KRS 411.184 and 411.186, and ACH otherwise states that any award of punitive damages is a penalty constituting a deprivation of the rights of ACH, not sanctioned by Kentucky or U.S. Constitutions.  ACH asserts lack of malice, lack of deliberate indifference, lack of reckless disregard or any other state of culpability that would allow for imposition of punitive damages;

  h. That Plaintiff's claims are barred by the provisions of KRS 65.200, *et seq*;

  i. That at all times relevant hereto, if ACH provided medical care to Plaintiff's decedent, then said care was reasonable and necessary and met the standard of care applicable under the circumstances;

  j. At all times relevant hereto, ACH acted in good faith and in conformity with all applicable standards, laws and regulations pertaining to their conduct and with an objectively reasonable belief that their actions were lawful;

  k. Plaintiff has failed to sue indispensable parties;

  l. The applicable statute of limitations and Plaintiff's failure to serve timely this Defendant with process which may serve to bar Plaintiff's Complaint;

7

m.  ACH asserts the provisions of, and Plaintiff's failure to comply with, KRS 411.467; and

n.  The Plaintiff is barred by the doctrines of sovereign immunity, governmental immunity, qualified immunity, qualified official immunity, discretionary function immunity, official capacity immunity, individual capacity immunity, and any other type of immunity afforded to governmental entities or governmental employees or those contracting therewith, exercising good faith judgments.

WHEREFORE, Defendant, ACH, respectfully demands as follows:

1.  That the Complaint of Plaintiff be dismissed, with prejudice;

2.  For their costs herein expended, including reasonable attorney's fees; and

3.  For any and all other relief to which ACH may be entitled.

This 31st day of January, 2024.

> IAN A. LOOS
> BELL, ORR, AYERS & MOORE, PSC
> 1010 College Street; P.O. Box 738
> Bowling Green, KY  42102-0738
> Phone:       (270) 781-8111
> Fax:         (270) 781-9027
> loos@boamlaw.com
>
> /s/ Ian A. Loos
> IAN A. LOOS
> Counsel for Defendant, Advanced Correctional Healthcare, Inc.

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and exact copy of the foregoing has this day been electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Jeremy A. Bartley
Law Office of Jeremy A. Bartley
35 Public Square
Somerset, KY 42501
*jbartleylaw@gmail.com*
COUNSEL FOR PLAINTIFF

      This 31st day of January, 2024.

                                      /s/ Ian A. Loos
                                      IAN A. LOOS
                                      Counsel for Defendant, Advanced Correctional Healthcare, Inc.